**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GREGORY KIERNOZEK,**

                **Plaintiff,**              **1:14-cv-615
                                                          (GLS/CFH)**

                  v.

**FEDERAL NATIONAL
MORTGAGE ASSOCIATION et al.,**

                **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Gregory Kiernozek
Pro Se
28 Beach Avenue
Albany, NY 12203

**FOR THE DEFENDANTS:**
Bryan, Cave Law Firm              ANNE T. REDCROSS, ESQ.
1290 Avenue of the Americas     SUZANNE M. BERGER, ESQ.
New York, NY 10104               SCOTT H. KAISER, ESQ.

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Gregory Kiernozek commenced this action against

defendants Federal National Mortgage Association ("Fannie Mae") and

Bank of America, seeking monetary and injunctive relief in connection with allegedly fraudulent practices that occurred during defendants' foreclosure of Kiernozek's home.  (*See generally* 2d Am. Compl., Dkt. No. 33.)  Pending is defendants' motion to dismiss the second amended complaint in its entirety.[1]  (Dkt. No. 29.)  For the reasons that follow, the motion is granted.

## II. **Background**[2]

On July 22, 2008, Kiernozek took out a loan in the amount of $198,000 from Countrywide Bank, FSB.  (Dkt. No. 29, Attach. 3 at 1.)  As security for that loan, Kiernozek gave a mortgage on certain real property

---

[1] Kiernozek originally sought leave to file a second amended complaint by way of motion on October 24, 2014.  (Dkt. No. 22 at 1-2.)  Attached to that motion was Kiernozek's proposed second amended complaint.  (*Id.* at 3-7.)  However, Kiernozek failed to sign that proposed pleading, and it was never actually filed with the court.  (*Id.* at 7; Dkt. No. 32.)  Defendants filed a motion to dismiss that second amended complaint on November 25, 2014, (Dkt. No. 29), but, in light of Kiernozek's later filing of a signed version of his second amended complaint, (Dkt. No. 33), defendants requested that their motion be considered as seeking to dismiss the signed second amended complaint, (Dkt. No. 35), and the court granted that request, (Dkt. No. 36 at 2).

[2] The facts are drawn from Kiernozek's second amended complaint and presented in the light most favorable to him.  In addition, the court has considered certain documents provided to the court by defendants with their motion papers, to the extent they are referenced and relied upon by Kiernozek in his second amended complaint.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153-54 (2d Cir. 2002) (explaining that the court, on a motion to dismiss pursuant to Rule 12(b)(6), may consider documents referred to and relied upon in drafting the complaint, without converting the motion to one for summary judgment).  Specifically, the court has considered the Trial Period Plan documents sent to Kiernozek by Bank of America, (Dkt. No. 29, Attach. 6), and the Loan Modification Agreement proposed by Fannie Mae, (Dkt. No. 29, Attach. 8), both of which are referred to and relied upon by Kiernozek in his second amended complaint, (2d Am. Compl. ¶¶ 6-7, 9, 12-13).

2

to the bank. (Dkt. No. 29, Attach. 4.) The mortgage was later assigned to Bank of America. (Dkt. No. 29, Attach. 5.) At some point after the mortgage was issued, Bank of America and/or Fannie Mae offered Kiernozek a "[h]ome loan modification," seemingly to prevent foreclosure on the home. (2d Am. Compl. ¶ 1; Dkt. No. 29, Attach. 6 at 1.) Kiernozek "was approved for a Fannie Mae trial" payment period, and was initially responsible for a monthly payment amount of $1,148.33. (2d Am. Compl. ¶¶ 5-6; Dkt. No. 29, Attach. 6 at 1.)

Kiernozek successfully made all payments during this trial period, but, in March 2013, was offered a permanent loan modification, under which his monthly mortgage payment would increase to $1,623.58 per month. (2d Am. Compl. ¶¶ 7-9; Dkt. No. 29, Attach. 8 at 3.) Kiernozek alleges that this modification was "arbitrary and capricious," (2d Am. Compl. ¶ 9), and that both Fannie Mae and Bank of America "have engaged in unscrupulous lending practices" because "they consistently came to the negotiating arena with unclean hands," (*id.* ¶ 14). Kiernozek separately alleges that he has suffered from multiple sclerosis since 1997, and questions whether the modification of his loan terms could have occurred because of his disability or his "Polish [h]eritage." (*Id.* ¶¶ 19-20,

25.) Kiernozek seeks an order "award[ing] the [h]ome in question to [him] free and clear of any mortgage payment, clear [d]eed," (*id.* ¶ 23), as well as "$185,000 in past and future damages," (*id.* ¶ 26).

### III. Standard of Review

The standards of review under Rules 12(b)(1) and 12(b)(6), which are "substantively identical," *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), are well settled and will not be repeated. For a full discussion of those standards, the parties are referred to the court's decisions in *Unangst v. Evans Law Assocs., P.C.*, 798 F. Supp. 2d 409, 410 (N.D.N.Y. 2011), and *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015), respectively.

### IV. Discussion

Defendants argue that Kiernozek's second amended complaint should be dismissed because it fails to state a cognizable claim. (Dkt. No. 29, Attach. 9 at 4-11.) Kiernozek offers no real argument in response, and instead has simply provided a laundry list of exhibits attached to his response, while concluding that the documents demonstrate that defendants "have been negotiating in [b]ad faith." (Dkt. No. 37 at 1-3.) For

the following reasons, defendants' motion is granted.

The gravamen of Kiernozek's complaint is that the amount of his loan payment increased after he completed his trial payment period, he was dissatisfied with the permanent loan modification terms offered, and, therefore, defendants acted either fraudulently or were possibly discriminating against him on the basis of his disability and/or ethnicity. (*See generally* 2d Am. Compl.)  However, his vague and conclusory allegations are insufficient to withstand defendants' motion to dismiss.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Flemming v. Goord*, No. 9:11-CV-1026, 2013 WL 317059, at *4 (N.D.N.Y. Jan. 28, 2013) (holding that the plaintiff's "vague and conclusory allegations that multiple [d]efendants have violated [his] constitutional rights," which "amount to nothing more than legal conclusions that . . . are unsupported by any facts," subjected his complaint to dismissal).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

5

obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Here, Kiernozek's allegations do not even rise to the level of a "formulaic recitation of the elements of a cause of action," *id.*, as he simply sets forth vague factual allegations about an increase in the amount of his monthly mortgage payment. He has provided almost no factual allegations regarding the circumstances of his increased payment, and there are no facts alleged to support his conclusion that defendants were "negotiating in [b]ad faith." (Dkt. No. 37 at 3.)

As a result, the court is unable to discern the causes of action Kiernozek seeks to pursue, or the legal bases on which they are premised, even interpreting his pleading liberally, given his *pro se* status. Although he seeks to recover "compensation for past and future suffering caused by the willful and intentional fraudulent actions" of defendants, Kiernozek makes no further allegations about the factual basis of his fraud claim. (2d Am. Compl. ¶ 24.) Such "[c]onclusory allegations and speculation are not sufficient to plead fraud with particularity," as is required under both the Federal Rules and New York law. *Nichols v. BAC Home Loans Servicing*

6

*LP*, No. 1:13-CV-00224, 2013 WL 5723072, at *8 (N.D.N.Y. Oct. 18, 2013) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 9(b); N.Y. C.P.L.R. § 3016(b).

To the extent Kiernozek is attempting to maintain a breach of contract claim against defendants based on the change to his monthly payment amount, there appears to be no basis for such a claim, as the trial payment plan documents in this case expressly account for the possibility that the monthly payment amount may change. (Dkt. No. 29, Attach. 6 at 3-4.) Whether the trial payment plan constituted a binding contract or not—and defendants argue that it did not, (Dkt. No. 29, Attach. 9 at 8-9), an argument that is completely unaddressed in Kiernozek's response to the motion—Kiernozek's allegations that defendants "*did* offer him a [loan] modification, just not one he could accept[,] are not sufficient to support a claim that by entering into a [trial payment plan], [defendants] had promised [Kiernozek] a modification on particular terms or terms he would find acceptable." *Lee v. BAC Home Loans Servicing, LP*, Civil Action No. 10-12226-GAO, 2013 WL 212615, at *2 (D. Mass. Jan. 18, 2013).

Similarly, Kiernozek makes isolated allegations that defendants' behavior may have been motivated by his disability or his ethnicity. (2d

7

Am. Compl. ¶¶ 19-20, 25.) However, he has not identified any legal provision under which he asserts such claim(s), and he has completely failed to allege any facts in support, most notably that he was treated differently than any other borrower. Kiernozek's mere questions, suspicions, and conclusions that his disability or heritage may have motivated defendants, without any other relevant factual allegations, are insufficient to state a discrimination claim.[3]

Although in all cases "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citations omitted). Specifically, a complaint filed by a *pro se* litigant "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any

---

[3] Lastly, in his pleading, Kiernozek makes passing reference to the "intent and mission" of the Home Affordable Modification Program (HAMP). (2d Am. Compl. ¶ 11.) However, Kiernozek has not even alleged that this program applied to him, and, as noted by defendants, there is no private right of action for borrowers to pursue a claim under HAMP. (Dkt. No. 29, Attach. 9 at 6-8); *see Jordan v. Chase Manhattan Bank*, No. 13 Civ. 9015, 2015 WL 1000058, at *5-6 (S.D.N.Y. Mar. 6, 2015). Again, Kiernozek's mere displeasure with the ultimate loan modification terms offered to him is not a basis on which to maintain a cause of action, as mortgage lenders are under no legal obligation to modify loans. *See Fournier v. Bank of Am. Corp.*, No. 5:13-CV-00702, 2014 WL 421295, at *7 (N.D.N.Y. Feb. 4, 2014).

8

indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, "[o]f course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading." *Koehl v. Greene*, No. 9:06-CV-0478, 2007 WL 2846905, at *3 (N.D.N.Y. Sept. 26, 2007); *see Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. Mar. 23, 2009).

Here, Kiernozek filed his initial complaint, (Dkt. No. 1), followed by an amended complaint—apparently as of right—roughly one month later, (Dkt. No. 7), and then sought, and was granted, leave to file a second amended complaint, (Dkt. Nos. 22, 26). He has therefore already amended his complaint twice, and has neither requested nor offered any reason in his motion response why he should be given leave to amend a third time. (Dkt. No. 37.) Accordingly, this dismissal of his second amended complaint is without leave to file a third amended complaint.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 29) is **GRANTED**; and it is further

9

**ORDERED** that Kiernozek's second amended complaint (Dkt. No. 33) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 24, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court